**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 14-2712

_____

ROGER E. COWLES,

Appellant

v.

CITY OF ELIZABETH, N.J. a municipal corporation;
POLICE DEPARTMENT FIREARMS LICENSING
EMPLOYEE LARON MURRAY, in his individual capacity;
FORMER CHIEF OF POLICE RONALD P. SIMON, in his individual capacity;
ELIZABETH MAYOR J. CHRISTIAN BOLLWAGE, in his individual capacity

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. D.N.J. Civ. No. 2:13-cv-03222)
District Judge:  Honorable William J. Martini

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 1, 2015

Before: AMBRO, VANASKIE and SLOVITER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 4, 2015)

_____

OPINION[*]

_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Roger Cowles appeals from an order of the United States District Court for the District of New Jersey granting summary judgment in favor of the Defendants. We will affirm the District Court's judgment.

In February 2011, Cowles applied for a gun permit at the City of Elizabeth (New Jersey) Police Department ("Elizabeth Police Department"). In accordance with N.J. Stat. Ann. § 2C:58-3(e), Cowles listed the names of two references on his application. By letter dated April 7, 2011, Laron Murray ("Murray"), the firearms licensing clerk at the Elizabeth Police Department, informed Cowles that his application was incomplete because Cowles's two references had not responded to letters sent to them by the Elizabeth Police Department. On April 14, 2011, Cowles went to the Elizabeth Police Department to check on the status of his application. At that time, Murray informed Cowles that unless his two references responded to the Elizabeth Police Department's letters by April 28, 2011, his application would be terminated. Around that time, Cowles learned from his references that they had not received any correspondence from Elizabeth Police Department. Nevertheless, Cowles did not ask his references to contact the Elizabeth Police Department directly.

On May 23, 2011, after Murray did not receive a response from Cowles's references, he issued a letter to Cowles informing him that his application had been terminated. The letter also informed Cowles that he could re-apply for a gun permit. After receiving the letter terminating his application, Cowles did not contact his

2

references. Nor did he re-apply for a gun permit. Rather, in May 2013, he commenced

an action in the District Court against the City of Elizabeth and several individuals.

In January 30, 2014, with leave from the District Court, Cowles filed an amended

complaint in the District Court pursuant to 42 U.S.C. § 1983, listing as defendants the

City of Elizabeth, Murray, and former Elizabeth Police Chief Roger Simon ("Simon").[1]

Cowles argued that his rights under the Second and Fourteenth Amendments were

violated when Murray failed to mail letters to his references, which resulted in the

termination of his application for a gun permit. Cowles claimed that the City of Elizabeth

failed to adequately train Murray to process such applications, which exhibited a

deliberate indifference to the rights of applicants. Following discovery, the Defendants

filed a motion for summary judgment, which the District Court granted. Cowles appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District

Court's grant of summary judgment de novo and view all inferences drawn from the

underlying facts in the light most favorable to the nonmoving party. Montone v. City of

Jersey City, 709 F.3d 181, 189 (3d Cir. 2013). Summary judgment is proper only if the

record "shows that there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We have carefully

---

[1] Cowles's original complaint also listed as a defendant J. Christian Bollwage, the Mayor of the City of Elizabeth. On Mayor Bollwage's motion, the complaint was dismissed as to him. In his subsequently filed amended complaint, Cowles did not name Mayor Bollwage as a defendant or include any allegations relating to him.

reviewed the record and the parties' arguments on appeal, and we discern no error in the District Court's analysis.

We have consistently held that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Cowles has not set forth any evidence which might demonstrate that Simon, the former Chief of the Elizabeth Police Department, had any role in reviewing or terminating his application for a gun permit. As the District Court noted, it does not appear that Simon was even aware that Cowles had filed an application. Therefore, the District Court correctly granted judgment as to Simon.

The District Court also properly granted judgment in favor of the City of Elizabeth. Plaintiffs who seek to impose liability on local governments under § 1983 must prove that "'action pursuant to official municipal policy' caused their injury." Connick v. Thompson, 131 S. Ct. 1350, 1359 (2011) (quoting Monell v. Department of Social Services, 436 U.S. 658, 691 (1978)). "Only where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983." City of Canton v. Harris, 489 U.S. 378, 389 (1989); see Woloszyn v. County of Lawrence, 396 F.3d 314, 324 (3d Cir. 2005). The Supreme Court has also noted that "[a] pattern of similar constitutional violations by untrained

4

employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." Connick, 131 S. Ct. at 1360 (citation omitted).

We agree with the District Court that, even assuming that Cowles could establish that a constitutional right had been violated, he has provided no evidence to support his claim that Murray was not adequately trained to process gun permit applications. As the District Court noted, before Murray was hired, he was certified in background investigations and firearms applicant investigations. Murray continued to be re-certified every year through 2013, which included the time that Cowles submitted his application. Cowles has not set forth an argument from which a reasonable jury could conclude that this training regime was inadequate or that it showed a "deliberate indifference" to the rights of gun permit applicants. Further, as the District Court noted, there is no evidence of a pattern of mishandling applications by the Elizabeth Police Department. Although the Elizabeth Police Department receives approximately 5,000 gun permit applications per year, Cowles has not pointed to any other instance in which an applicant did not receive a gun permit because the applicant's references had not been not contacted. Accordingly, the City of Elizabeth was entitled to judgment as a matter of law.

Finally, the District Court properly granted judgment in favor of Murray. We agree that Cowles's allegation that Murray failed to contact his references suggested at

most negligence, which does not amount to a constitutional violation.  See Daniels v.

Williams, 474 U.S. 327, 333 (1986).[2]

       Accordingly, we will affirm the District Court's judgment.

---

[2] In any event, the record supports a finding that Murray did, in fact, send letters to Cowles's references.  Moreover, the fact that Murray informed Cowles that his references had not responded to the letters prior to terminating his application suggests that Murray acted with care in handling his application.